IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM F. DAVIS,             )<br>                              )<br>     Plaintiff,              )<br>                              )<br>     v.                       )   Civ. No. 06-343-SLR<br>                              )<br>CAPTAIN EMMIT, RAPHAEL        )<br>WILLIAMS, COMMISSIONER STAN   )<br>TAYLOR, and BRIAN CASEY,      )<br>                              )<br>     Defendants.             ) | |

**MEMORANDUM ORDER**

Plaintiff William F. Davis, an inmate at the Delaware Correctional Center ("DCC") filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 3) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the complaint is dismissed as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**I.   THE COMPLAINT**

Plaintiff alleges that he was assaulted by inmate Brian Casey ("Casey") and sustained a broken jaw. He alleges that on May 31, 2004, Captain Emmit ("Emmit") "delivered indifference" pertaining to the assault. More particularly, plaintiff alleges that Emmit refused to let him press charges against Casey. Plaintiff also alleges that Warden Raphael Williams ("Warden

Williams") was notified of the assault, that plaintiff wrote letters to Warden Williams regarding the assault, and that no response was received. Plaintiff alleges that Commissioner Stan Taylor ("Commissioner Taylor") is in charge of all the correctional institutions and that he is notified of major assaults similar to plaintiff's, but he failed to do anything about the incident.

Attached to the complaint is a letter to Captain Williams from plaintiff stating that Emmit investigated the incident and forwarded the information to the Attorney General's Office, and that Emmit told plaintiff that the Attorney General's Office stated they would not press charges against Casey. Also attached to the complaint is a "Statement" prepared by plaintiff.

Plaintiff seeks compensatory damages as well as punitive damages from Casey for calling plaintiff a child molester, assaulting and harassing him. He also seeks punitive damages from Emmit for not properly investigating the incident and not allowing him to press charges against Casey.

## II.   STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1)

provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

A complaint is malicious when it "duplicates allegations of another [ ]federal lawsuit by the same plaintiff." Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993); see also Banks v. Gillie, Civ. Act. No. 03-3098, 2004 U.S. Dist. LEXIS 5413, at *9 (E.D.La. Feb. 25, 2004) (duplicative and repetitive complaints are considered malicious for purposes of § 1915); McGill v. Juanita Kraft Postal Serv., No. 3:03-CV-1113-K, 2003 WL 21355439, at *2 (N.D. Tx. June 6, 2003) (complaint is malicious when it "'duplicates allegations of another pending federal lawsuit by the same plaintiff' or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation") (quoting Pittman v. Moore, 980 F.2d at 994-95).

Pro se complaints are liberally construed in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in

fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a pro se complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

## III. ANALYSIS

On February 5, 2005, plaintiff filed a § 1983 action in Civil Case No. 05-67-SLR. The original complaint named as defendants the State of Delaware, the Department of Correction, Raphael Williams, Stan Taylor, First Correctional Medical, and Mental Health. In the statement of claim, plaintiff refers to the assault by Casey that resulted in his broken jaw. (Civ. No. 05-67-SLR, D.I. 2) Also attached to the complaint in Civ. No. 05-67-SLR is a "Statement" identical to the one filed with the current complaint. In Civ. Case No. 05-67-SLR, plaintiff subsequently amended his complaint by dismissing the State of Delaware, the Department of Correction, Stan Taylor, and Mental Health, and adding as defendants Casey, Emmit, Debra Muscarella, C/O Davies, and C/O Reginald Mayes, (Civ. No. 05-67-SLR, D.I. 8)

The current complaint, Civ. No. 06-343-SLR, contains

4

identical claims arising out of a common nucleus of operative facts as those found in Civ. No. 05-67-SLR. Indeed, the complaint in this case duplicates the allegations of 05-67-SLR and even contains the identical "Statement". Moreover, the defendants in the present case are named as defendants in 05-67-SLR.

The court notes that plaintiff voluntarily dismissed Stan Taylor as a defendant in 05-67-SLR, but named him as a defendant in the case at bar. However, Taylor is named as a defendant solely on the basis of his supervisory position and, as is well-known, supervisory liability cannot be imposed under 1983 on a respondeat superior theory. See Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

The complaint with its duplicative allegations and same defendants falls squarely in the category of malicious litigation. Accordingly, the complaint is dismissed without prejudice as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d. Cir. 1976).

**IV. CONCLUSION**

At Wilmington this 19th day of July, 2006 for the reasons set forth above, IT IS ORDERED that:

1.   Plaintiff William F. Davis, III's complaint is DISMISSED without prejudice as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1)

2.   Plaintiff is not required to pay any previously assessed fees or the $350.00 filing fee.  The clerk of the court is directed to send a copy of this order to the appropriate prison business office.

                                                              */s/ Sue L. Robinson*
                                        UNITED STATES DISTRICT JUDGE